## Case No. 7,196.

### The JAMES GUY.

[5 Blatchf. 496] [1]

Circuit Court, E. D. New York. Sept. 24, 1867.[2]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirming Case No. 7.195. Decree of the circuit court affirmed in 9 Wall. (76 U. S.) 758.]

## Case No. 7,197.

### The JAMES McMAHON.

[10 Ben. 103.] [1]

District Court, E. D. New York. Sept., 1878.

Emerson, Goodrich & Wheeler, for libellant.

Beebe, Dean & Donohue, for claimant.

NELSON, Circuit Justice. The main question in this case is, whether the steamboat is subject to a lien for the bill of repairs put upon her by the libellant; and that turns upon the point whether the credit was given to the vessel or to Olney, the owner. After a very full examination of the evidence, I am satisfied that it was the intention of both parties that the payment was to be made when the repairs were finished, and that, in the meantime, the mechanic or workman should look to the vessel as his security. It is needless to go over the proofs in support of this conclusion. All the facts and circumstances attending and surrounding the case tend in this direction.

It is supposed by the counsel for the claimant, that the case of Pratt v. Reed, 19 How. [60 U. S.] 359, has an important bearing in this case adversely to the lien. I do not so understand it. The necessity for the repairs and for the lien upon the vessel to enable the master to procure them, are insisted on, in that case, as essential elements to support the lien, and, in respect to the soundness of that view, there can be no controversy; but the necessity for the repairs and for the lien must depend upon the facts and circumstances of the case. In Pratt v. Reed [supra], they repelled the necessity for the lien. In the present case they support it. I am not aware that any other rule has ever been established.

I also concur with the court below, that the claimant, who sets up the purchase of the vessel as a matter of defence, is chargeable, on the proofs, with notice of the charges against the vessel for the repairs.

The decree below is affirmed.